We'll call the case of In Re In the Matter of the Grand Jury and panel on May 9, 2014. Mr. Conforti. I just want to ask both counsel, do you realize that the courtroom here is open? Your Honor, we had submitted a letter. And the clerk advised you of the court's response to that letter? I received it this morning, yes. And you're fine proceeding? That is your letter, Mr. Conforti. Is Mr. Romano fine in proceeding in that fashion? And specifically, Your Honor, what we've jointly proposed is that the appellants will be referred to as the entity or practice, appellant's ABC entity, and appellant John Doe will be referred to as the doctor or the individual. All right, you may proceed. May it please the Court, I am Damian Conforti for the appellants, the practice, and the doctor or individual. I'd like to reserve two minutes for rebuttal. That request will be granted. Thank you, Your Honor. Your Honors, this Court may exercise plenary review of the lower court's rulings and quash the grand jury's subpoena in question directed to the doctor for three reasons. The first is the subpoenaed entity is the functional equivalent of a sole proprietorship, and therefore its only member, the doctor, has a recognized constitutional right to not incriminate himself. The second is that the doctor falls within the exception contemplated by the Supreme Court in Broswell v. the United States in that a jury will inevitably conclude that he alone produced documents should he be forced to respond to this subpoena. And the third is that the subpoena itself is unreasonable in that it demands information not relevant to the investigation and lacks requisite reasonable particularity. With respect to the first point, and that being that the subpoenaed entity is the functional equivalent of a sole proprietorship, Your Honors, the lower court made a blanket finding that a corporation, even a one-person corporation, cannot assert a fifth-amendment privilege. Why isn't that consistent with Supreme Court law? Bellis, Broswell? I mean, isn't that what it says? It doesn't matter how small it is? Well, I think what's consistent, Your Honor, is that a sole proprietorship has the protections. And what we're arguing is that just for the mere, but for the mere fact of the corporate filing that took place 40 years ago, this entity functions and the doctor functions as a sole proprietorship. Yeah, but the entity has enjoyed now years of enjoying the benefits of a corporate form and now wants to back off. Well, and let's look at what the benefits of a corporate form are. In New Jersey, under statutory and case law, a professional association is formed by professionals strictly for tax planning purposes. It does not supersede or take the role of what the doctor does, and that's practices medicine. That is tantamount to what the entity does. And I would submit that the formation and the use of the professional association to get those quote-unquote benefits and incur those quote-unquote responsibilities is just one factor that should be considered when you're looking at how this entity actually functions and whether or not the doctor is an alter ego of the entity. Well, I understand your ingenious argument. Are there any other cases out there where courts have ignored the corporate form to find that it's a sole? In similar circumstances, to find a sole proprietorship or whatever it's being called? Your Honor, my understanding is that this is, at least the argument may be, a case of first impression for this court and for the Supreme Court since the Broswell decision, which I'll get into in my second point. But every other circuit is held the other way, is that correct? You've ignored all the other circuit law on this subject, saying corporations have no such claim. They have, Your Honor, with respect to corporations. And I'm aware of two other cases, I believe out of the First and Ninth Circuit, where a similar argument was made that we're making here and that's, what does the practice actually do? What is the functional equivalency of the practice? Now, I'm not sure as to whether... I'm only talking about corporations, regardless of the size. And I'm aware of no other circuit which has ruled in your favor in that regard, unless you could bring that to my attention. And you've largely, in your brief, ignored all the citations by your other side in your brief. Well, with respect to the collective entity rule, yes, the collective entity rule says that the corporate status is responding in a representative capacity. That's correct. But what we're saying is that this instance, this particular entity functions as a sole proprietorship, not as a quote-unquote collective entity. And then, therefore, the doctor does maintain his records still in a personal capacity. Well, how can he make... It's either fish or fowl. It's either a corporation we're dealing with, or it's not a corporation. If it's a corporation, certainly every precedent out of this circuit has ruled against you. If it's not a corporation, of course, it's in a posit. It's irrelevant to the argument for us. So, if it's a corporation, and even Briswell, for the most part, has indicated that it has no Fifth Amendment right. Except, perhaps, with footnote 11, which we'll debate about. But I'm not aware, Your Honor, of any other scenario that fits the factual situation that we're in now. When you say it's a corporation, it's a corporation. Well, let's look at what you gain by a corporate status. We mentioned tax planning purposes. There are certain insulation from liability. It's not as though someone sits down with the person who chooses to form a professional association, a doctor in this case, and says, you know, you're going to forfeit your constitutional rights if you do this. As if someone under arrest who's Mirandized. Clearly, they know, and they make a voluntary and intelligent decision to answer questions at the point of an arrest, or they don't. To go back 40 years ago, and what the government would have this court do, and that's hang their hat on a decision that he made with an accountant 40 years ago, to set up as a professional association for tax planning purposes, and then serve a subpoena that seeks all documents and information that are personally incriminating on him because they can. Well, we're not talking about 40 years ago. The fact is, this year, the year under question, he was a corporation. He did not elect to dissolve the corporation and go into some other form. It is a corporation, whether it's 40 years old, one year old, or 100 years old. Are you aware of any circuit that's ruled in your favor concerning the custodian of corporate records, not being immune from a subpoena for Fifth Amendment purposes? There are some cases, as I mentioned. I believe there's a case out of the 11th Circuit, if I'm correct, U.S. v. Pleasons, where it's unclear what the corporate status was, but that also involved a doctor, if I'm correct. Well, I'm not dealing with the immunity case that you cited in your brief. We're not dealing with immunity here. We're dealing with Fifth Amendment. Right. I'm aware, and I didn't see any citations from you from any other circuit which held in your favor. And with respect to Pleasons, which, again, I believe is out of the 11th Circuit, it was unclear what the corporate status was. But to more definitively answer Your Honor's question, if the court were to find that this is a collective entity, then you would have to, or we would have to, look to the second part of the argument, which is whether or not- Let me stop you before you get to the second part of the argument in footnote 11. You talked about the collective entity as a functional equivalent of a sole proprietorship. You haven't made any Hobby Lobby reference at all in your argument here, but you did mention it. I believe it's mentioned. Why are you ignoring that? Well, we did argue that in the briefs. I think the important quote to take away from Hobby Lobby is how they view the corporate versus the individuals. And they specifically say that a corporation is simply a form of organization used by human beings to achieve desired ends. They make clear that the rights, whether constitutional or statutory, are extended to corporations, but the purpose is to protect the rights of these people. That's pretty powerful language, isn't it? I believe it is, Judge. And if you look at what's being asked, it becomes even more powerful. What's being asked of the doctor here or what's being demanded from the doctor here. And that's given us anything and everything, but you wouldn't have to give it to us if we didn't have this vehicle where we could drop a subpoena on you through your entity and direct it to your entity. And that's exactly what the government wants to do. You were ready to talk about footnote 11 as well. In footnote 11, Your Honor, the question becomes whether or not a jury will inevitably conclude that this doctor produced documents should he be forced to do so. And, of course, if that is the inevitable conclusion, then, therefore, he will have forfeited his Fifth Amendment right or at least be in jeopardy of doing that. Again, looking at who this doctor is, how his entity is established, and how he runs it. He's the sole employee. Hold on now. You have other people around him. It was employees. Now it's independent contractors. Isn't that enough to take you out of footnote 11? I don't think so, Judge. In fact, I think that actually favors our argument. If the jury is going to hear all of these things that the government is going to want them to hear and probably will elicit testimony and evidence to that effect, and that's he's it. He's the sole employee. He's the sole officer. He is, in fact, the signatory and the reason that these particular contracts or agreements were entered with respect to the investigation of alleged bribery. To then hear that there were other independent contractors or administrative personnel or medical assistants who worked with him but had no responsibility for these agreements or even knowledge of them, that lends even more to our argument. What you're asking the jury to do at that point is intellectually inconsistent. On the one hand, the government wants to say and will say he's it. They're not going to say who produced the documents, granted. But they're going to say he's it. He's the sole responsible person for those agreements. But isn't that argument an argument for trial, for evidence purposes, if it goes to trial? When that argument can be raised as a Fifth Amendment at trial type of evidence, I should admit that I'm not too sure what footnote 11 really means. But that certainly is one explanation that it's dealing with a trial situation and not a production information in the first place. And that's the government's argument that once we get to trial, we'll deal with it. Well, why is that a reasonable interpretation of footnote 11? I shouldn't say, but I think it's one interpretation. Another is that there's a presumption that these have to be produced and you ought to rebut that presumption. Because the way that the entity is set up and how it's functioned, with or without employees, I submit will lead to the inevitability concern here. And that is there is no way that the government is going to be able to cure, by use of some sort of evidentiary rule, the concern that the jury is going to hear, know, and understand that these documents came from the doctor and the doctor. Why can't there be an offer of proof or requirement of an evidentiary hearing out of the hearing of the jury type of proceeding, which is a regular thing for a trial judge to do when there's an evidentiary question? Maybe that is not a reasonable explanation for footnote 11? It could be, Judge, but that's a great leap of faith at this point to allow the government to do what it wants to do.  And I don't know what the scenario would be, and I don't know what our response would be. But to me, to take this leap to what will deal with it at trial, just give us the documents that are personally incriminating at this point, that doesn't hold the constitutional right the way it should be, and that's of utmost importance. Well, then what is your reading of footnote 11? Give us your explanation as to what you think 11 says. I think that it says that there is inevitability concerns when you look at one particular scenario, which Braswell used by example. We have a collective entity with one particular employee or officer. What then would happen if documents are taken from that collective entity and placed in front of the jury? And my reading is it's a highly fact-intensive analysis that needs to be undertook to understand whether or not that inevitability is a concern. And that's not what the lower court did here. The lower court simply said there is no constitutional right in the representative capacity. You file that paper, you have no rights. Can I ask you, what is the analytical difference between employees and independent contractors in this context? He's using staff, Your Honor, that is not within his control. They are not employed by him. Independent contractors, again, according to the laws of New Jersey, and it would be in every other state, I would presume, are entitled to certain benefits. How does that change our analysis in this case, though? I don't think it does, Your Honor. He had employees who handled ministerial functions before. He has independent contractors who handle essentially the same ministerial functions. Well, the government would add that if there's an independent contractor, your argument is weakened because then the reduction is not by the person who would be claiming the Fifth. It's by people who are associated with the Fifth Amendment insofar as the doctor is concerned. I think the government would say, and I never want to argue for the government, but I think what they would say is that the existence of other people is enough alone, and we respectfully disagree. I will have you back on rebuttal, Mr. Gregory. Mr. Romano. May it please the clerk, John Romano of the United States. I'll start with the first part, and that is whether he's a functional equivalent of a sole proprietorship. As Judge Cowen pointed out, he is not. He's been a corporation for 40-something years. Now, to the contrary from the last case, will you move the microphone up a little bit? I'm sorry. He's been a corporation for 40-something years, and he's gotten the benefits of that for 40-something years. He can't just sweep it away. And there are plenty of cases that are far more like sole proprietors than this particular case. In Braswell, he was the sole shareholder and employee. I think the Supreme Court called him an alter ego. The lower court said he incorporated solely for appearance sake. Amato was a doctor, a PC, sole shareholder, director, officer, employee. The Second Circuit case, wholly owned, sole shareholder, officer, employee. I mean, it goes on and on. It's just not the case that he could just say, oh, I'm not actually a corporation, even though he's gotten the benefit for years and years and years. So what kind of a case would fit into footnote 11? You know, footnote 11 is not particularly clear, as you point out. Right. I mean, it's not this case, because if it wasn't Braswell, it's not this case. This case, he had employees. I mean, he was pressing this appeal when he had employees. He wasn't responding when he had employees. So all he did was he fired them, and now he has independent contractors. But he doesn't have any employees now. But he has independent contractors, Your Honor. And I want to dispute what my adversary said here. I mean, there's no reason why the government would get up and say he had no employees. In fact, the evidence, and again, this subpoena is limited until the time that the first subpoena was served, so April 9th, 2013. All of that evidence is going to show he had employees. And I will point you to two or three parts of the appendix. A116 is a consultant sheet that came from one of the entities. That we received from another, I think a search warrant or a subpoena from someone else. That would be evidence in this case. What does it show? The doctor saying he has six employees. So why would the jury think that he produced this? Well, let's take the case pure and simple. Sure. Whether he has employees or not, your position, your briefing position is he's a corporation. We don't have to get any further. That's your position. That is. So pure and simple. So why are you getting into argument about he's got employees? Besides, you're saying that this is stronger than. Well, did you acknowledge in the opening that Braswell doesn't completely answer the question in this case? Braswell leaves something open, but doesn't answer it. What does it leave open? It leaves open the possibility, perhaps, that a corporation has a Fifth Amendment right. That a record custodian defendant could show that he shouldn't be able to turn over documents or they shouldn't be admitted against him because he can show the jury would inevitably find that he produced. But, again, so what kind of a case fits in Rule 11, or rather Footnote 11, if not this one? Well, certainly not this one. It's a doc with no employees? That's the case that fits in? Or no employees, no independent contractors? Well, quite frankly, every circuit that has looked at this can't even fathom a case that would happen because the jury doesn't have to hear about the subpoena. When he turns these documents over, he will authenticate them as corporate documents. Then, before trial, the government will list them on an exhibit list, and he will have to, what, object and say they're not authentic? He can't do that. Now, whether we can get them as evidence is a different story. We'd have to maybe find a hearsay exception, but they're authentic. So there's no reason the jury would even hear the subpoena. It's something that I keep looking at. What does produce mean? Is produce the same as prepared, or does produce mean that he delivered them to the grand jury? Delivered them to the grand jury, I believe, Your Honor. That's your interpretation. Well, production is authentication and legitimacy. He's going to say, are these authentic corporate documents? Yes. Okay. You can leave now. And they could be held against the individual at a later time if he claims that they're not. Whatever his claim is, I don't know. Let's turn to Hobby Lobby for a second. Sure. I mean, I find that language in Hobby Lobby, you know, it's a rather broad statement, is it not? It is, Your Honor. Does it not concern you at all? Well, not particularly for two reasons. Number one is Hobby Lobby was a RIFRA case. It wasn't a constitutional case. Well, it was a First Amendment case. What's good for the First Amendment should be good for the Fifth Amendment. Same bill of rights. Well, if the Supreme Court wants to say that, then he can take this up on Saturday. I know that's a very good argument to make. But let's talk about the fact here that what you're talking about in Hobby Lobby and the argument that the doctor is trying to make is that the Supreme Court in Hobby Lobby basically said we shouldn't concern ourselves when we're looking at the Constitution with these distinctions between individuals and corporations. Well, again, Your Honor, I don't know. And isn't that this case? Well, first of all, again, I don't know that they said that because, again, it was a RIFRA issue. But number two, I think we have to look at the particularities of that case. So we had individuals who formed a corporation, and what they said in that case was that it says a corporation is simply a form of organization used by human beings to achieve ends. An established body of law specifies the rights and obligations of the people who are associated with a corporation in one way or another. And the rights of a constitutional or statutory extent to corporations, the purpose is to protect the rights of these peoples. And I think in that case they were saying that a corporation can form for a reason other than merely making profit, and they can further their personal religious goals. Here we've been saying, the Supreme Court has said for 100 and some odd years, it's a corporation. It has no Fifth Amendment right. You can't now step up and say I'm going to shield this corporation by asserting my right. When you take the job of being a records custodian, and when you incorporate, you give up that right. And that's what happened here. I know we can't be in the prediction business when we're dealing with the U.S. Supreme Court, as we're in the prediction business with the New Jersey Supreme Court or the Pennsylvania Supreme Court, but it just strikes me that there is some similarity between Hobby Lobby and the issue in this case. You don't seem to think there is, but... Again, they didn't reach the First Amendment issue in that case, and I think given the long pedigree of collective entity cases here, that would not be a problem. I sense that you would be more nervous with your position if you were appearing before the U.S. Supreme Court in this case. I probably would be. But again, I do want to stress again, and our position again is Braswell controls here, but as you point out, Judge Chigares, there are plenty of people around this doctor here that a jury, number one, might never hear there was a subpoena. Number two, if they did hear that, there's plenty of people who could have produced these documents, not just the doctor. Do you see any type of analytical difference between the categorization of these people as employees or independent contractors? No. Okay. The people that could produce documents. There's a vast difference in the law. You know that, whether you're an employee of someone or an independent contractor, an employee is a master servant almost directly. If you employ someone as an independent contractor, you employ them to do a job for you, period. You have no control over what they do. Well, I'll point out that the administrative services agreement here provides that they will do records maintenance, and I can't think of anything more records maintenance than perhaps turning over these documents, number one. And number two, I mean, he had them as employees. He basically just fired them and hired the same people back as independent contractors. He shouldn't be allowed to do that. Well, your basic argument is that even accepting the appellant's argument for what it is, it's not the facts of this case. He's not being asked to give up any Fifth Amendment rights because he has employees or independent contractors who are producing these documents. So even accepting his statement as to the law, which he claims we disagree with, but even accepting it, it's not the facts of this case because he's being asked to produce nothing. His employees are independent contractors who are producing these. He will assert that he is the only one that can produce these, and that might be the case. The point is that the jury will not inevitably conclude that he did it. He seems to think that Note 11 says, if I'm the only capable records custodian, I get this privilege. That's not the case. Let's turn to the second part, or actually the third part, as Mr. Conforti mentioned it and didn't get to it. Couldn't you get these documents by serving a search warrant? It's possible. We'd have to show a much higher standard. The grand jury is entitled to these documents to do their investigation. And he shouldn't be allowed to stand up and say no when he doesn't actually have the privilege to do that. And these documents, and I think they're all, as Judge Chistler found, they're perfectly relevant to the investigation. I know you need to see a probable cause to get the search warrant, but this is not a case that's existing out there in isolation. There are other cases, and there have been subpoenas served on other documents. He's the only one that's refusing to comply, and this case is fairly far along. It seems like you have a lot of information that you could use to support your search warrant. I mean, is there any violation here of Rule 17? No. He has not been indicted. What? He has not been indicted, so no. And I would point out that this can't be allowed to continue. There are other doctors who maybe will be receiving subpoenas. If this is going to be the answer, I'll fire my employees and tough luck, we can't let that stand. Grand jury wants these documents. They should receive these documents. He has no right to say no. Your position is pure and simple, that once a corporation, there's no Fifth Amendment right, and especially in this case because it's not Utah. Yes. But even if he were the producing person, the right does not exist under law. Exactly. There might be something out there for Note 11, but it's not this case. Well, tell us just once more. Straighten us out on Rule 11. Straighten us out. What does that mean? I wish I could answer that. That's a case scenario against you. What does it mean? I don't know. A guy in a basement with a desk, and he's the only one who works there. The thing is, as the Second Circuit pointed out, the jury could always believe we got these documents with a search warrant. So I don't know why the jury would ever sit there and say, ah, they must have got these documents by a subpoena, and if they got the documents by the subpoena, they must have gotten it from this man. I don't know why the jury would do that. So I don't know what the answer is, but it's not this case. If the Court has no further questions, I'd ask you to affirm the disreport. Okay, Mr. Romano. Thank you. Mr. Conforti. Your Honors, with respect to footnote 11, the government does not have the answer, and we don't have the answer as well, and there's a reason why, because it is a factual, intensive analysis that was not done here. And had it been done at the lower court level, and it could still be done at the lower court level, we would have the answer as to whether or not this doctor and this entity fits into that scenario. We submit that he will, but to say what it means, we have to go back and do that. Your position is if we're going to an evidentiary hearing, you would prevail in showing that the doctor is not producing these. These are employees. These are not employees producing these. These are contractors. And the government seems to be very hung up about the fact that the doctor fell into financial distress and had to let go of employees and move independent contractors. I'm not sure why. The point being that that change in the employee to independent contractor status does not change the fact that he inevitably will be spotted and identified as the person to produce the medicine. Even if they're produced by a contractor. Correct, Your Honor. All right, what is your response to their position is, pure and simple, they say corporation, no Fifth Amendment right, period. Contractors, employees, they have the absolute position that, which is taken up by a number of other circuits, that Fifth Amendment does not apply to a corporation. Then you have to look to the scenario identified by Broswell, which is the meaning of which we're trying to figure out here. Footnote 11. Footnote 11. No one around here wants to admit they don't understand a Supreme Court opinion. Well, whether you understand it or this doctor fits into the exception, I think are two different questions. There's a way to find out whether or not he fits into that exception, which was not done here. I see that my time is up. I just wanted to make one point because I never did get to my third point with respect to the subpoena, if I may, Your Honors, very, very briefly. The constitutionality argument essentially goes out the window when you look at whether or not the subpoena itself is reasonable. However Your Honors view the constitutionality, the constitutional rights of the doctor in a representative or personal capacity, Your Honors are free to look at whether or not the subpoena itself is reasonable and has reasonable particularity in its description. Because the doctor, whoever responds, is being asked here to not only produce, and I think it was Your Honors' question to appellee's counsel, he's not just being asked to produce and authenticate, he's being asked to produce, authenticate, and describe. That's what would have to be done in order to respond to the subpoena. And that's, again, a violation that the Fourth Amendment and the Fourth Amendment itself, you look to and use that analysis regardless of whether or not there is a Fifth Amendment privilege here. One thing, you cut yourself off. Actually, you think we should remand it to the district court for them to do what? To have an evidentiary hearing for what purpose? If Your Honors are inclined to see this as a court, a single-member court, and the question then remains whether or not jurors will inevitably construe or come to the realization that the doctor produced these documents. That's the question that needs to be answered by some sort of factual hearing. All right, we thank both counsel. The case was well-briefed and well-argued, and we'll take the matter under advisement.